DREW, Chief Justice
(dissenting).
In this workmen’s compensation case, the deputy commissioner, after extended hearings, awarded benefits to claimant but, on review, the full commission reversed such award holding:
“ * * * tjje deputy has failed to make a definite finding that claimant had sustained an injury by accident arising out of and in the course of his employment which either caused a hernia or aggravated a pre-existing hernia. However, even if the deputy had made such a finding, it would appear that there is no competent, substantial evidence which accords with logic and reason to sustain same.”
The majority remand the cause to the deputy to make adequate findings. I think that under the language of the full commission’s order such remand would serve no useful purpose inasmuch as the commission in the last paragraph above quoted has concluded that there is no record evidence sufficient to support the award in any event.
While in some respects the award of the deputy is ambiguous and inartfully drawn, in my view the findings of fact made therein are sufficient to meet the requirements announced by this Court in previous decisions. Moreover, I think there is competent, substantial evidence in the record adequate to support the award of the deputy commissioner. Under such circumstances, it is our duty to reinstate such award and to quash the full commission’s order. The citation of authority to support this conclusion would be redundant.
I would quash the order of the full commission with directions to reinstate the order of the deputy commissioner.
O’CONNELL and ERVIN, JJ., concur.